UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANTELIS MAKRYLLOS,

   Plaintiff,    CASE NO.:

-VS-

FCI LENDER SERVICES, INC.,

   Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, PANTELIS MAKRYLLOS ("Mr. Makryllos" or "Plaintiff") alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendant, FCI LENDER SERVICES, INC. ("Defendant").

## INTRODUCTION

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

1

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen and resident of Pasco County, Florida.

6. Defendant, FCI Lender Services, Inc. ("Defendant") is a debt collection company providing its services throughout the State of Florida, including Pasco County, Florida.

7. All references to the Defendant named herein shall also include any of Defendant's predecessors.

8. Defendant services and/or acquired a debt in default for which Plaintiff was the debtor, namely the loan on Plaintiff's homestead property (the "Alleged Debt").

9. On or about October 18, 2018, Defendant sent Plaintiff a Pay-Off Response (the "Pay-Off Response"). A true and correct copy of the Pay-Off Response is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

10. The Pay-Off Response demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of Florida and federal law.

11. The Pay-Off Response demands payment for "unpaid charges" and "prior servicer corp. advance fees" with no itemization or description of what said charges may be for. Upon information and belief "prior servicer corp. advance fees" include attorney's fees and/or costs and attorney's fees and costs that are not entitled to be collected by the underlying mortgage and mortgage note. Such fees and/or costs may include attorney's fees and costs prior foreclosure action against Plaintiff in which was the prevailing party.

12. The Pay-Off Response is misleading because it gives a false impression of the character of the Alleged Debt.

13. The Pay-Off Response hides the true character of the Alleged Debt and impairs Plaintiff's ability to knowledgeably assess the validity of the Alleged Debt.

14. The Pay-Off Response is misleading on its face.

15. The Pay-Off Response also seeks to collect amounts with respect to the Alleged Debt that are either overstated, overinflated, illegal and/or otherwise not permitted by applicable law and/or the underlying agreement between the parties to charge such illegal and improper amounts, including, but not limited to overstated and overinflated attorneys' fees.

16. In particular, Defendant is attempting or seeking to collect attorneys' and/or court costs from a previous foreclosure case that it lost against Plaintiff, as Plaintiff was ruled to be the prevailing party in said prior foreclosure action.

17. Defendant never attempted to recover its attorneys' fees and costs in the prior foreclosure action as it was not the prevailing party, and never filed a motion seeking to recover such fees and costs in the prior foreclosure action. As such, Defendant is barred from attempting to collect such attorneys' fees and costs from Plaintiff now.

18. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Violation of the FDCPA)

19. Mr. Makryllos incorporates Paragraphs one (1) through eighteen (18) above as if fully set forth herein.

20. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

21. At all times material hereto: (a) Mr. Makryllos is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

22. Defendant knowingly engaged in consumer debt collection activities against Mr. Makryllos in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

23. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response which is misleading because it gives a false impression of the character of the Alleged Debt.

24. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response in the form of a total lump sum amount without any detailed breakdown or itemization of any particular charges in violation of Florida and federal law.

25. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response which hides the true character of the Alleged Debt and impairs Mr. Makryllos' ability to knowledgeably assess the validity of the Alleged Debt.

26. The Pay-Off Response demands payment for "unpaid charges" and "prior servicer corp. advance fees" with no itemization or description of what said charges may be for. Upon information and belief "prior servicer corp. advance fees" include attorney's fees and/or costs and attorney's fees and costs that are not entitled to be collected by the underlying mortgage and mortgage note. Such fees and/or costs may include attorney's fees and costs prior foreclosure action against Plaintiff in which was the prevailing party.

27. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response which seeks to collect attorney fees and costs relating to a prior case against Mr. Makryllos in which Mr. Makryllos prevailed.

28. Defendant's Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e) and 15 U.S.C. §1692(e)(2), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The false representation of—*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

29. Defendant's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.*

30. As a result of the Debt Collection Conduct and Defendant's violation of the FDCPA as described herein, Mr. Makryllos has been injured.

31. Mr. Makryllos is (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Makryllos, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory

damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Violation of the FCCPA)

32. Mr. Ms. Makryllos incorporates paragraphs one (1) through eighteen (18) above as if fully set forth herein.

33. This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

34. At all times material hereto: (a) Mr. Makryllos is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

35. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. Makryllos for personal, family or household purposes, namely her homestead.

36. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

37. Defendant knowingly engaged in consumer debt collection activities against Mr. Makryllos in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

38. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response which is misleading because it gives a false impression of the character of the Alleged Debt.

39. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response in the form of a total lump sum amount without any detailed breakdown or itemization of any particular charges in violation of Florida and federal law.

40. The Debt Collection Conduct includes Defendant's demand for payment pursuant to the Pay-Off Response which hides the true character of the Alleged Debt and impairs Mr. Makryllos' ability to knowledgeably assess the validity of the Alleged Debt.

41. The Pay-Off Response demands payment for "unpaid charges" and "prior servicer corp. advance fees" with no itemization or description of what said charges may be for. Upon information and belief "prior servicer corp. advance fees"

include attorney's fees and/or costs and attorney's fees and costs that are not entitled to be collected by the underlying mortgage and mortgage note. Such fees and/or costs may include attorney's fees and costs prior foreclosure action against Plaintiff in which was the prevailing party.

42. Defendant knowingly sent the Pay-Off Response in an attempt to collect monies from Mr. Makryllos that was clearly misleading on its face.

43. The Pay-Off Response constitutes "communication" as defined by Florida Statutes, §559.55(5).

44. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

45. Defendant's business practices and actions were either intentional or grossly negligent.

46. As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Mr. Makryllos has been damaged, and Defendant is liable to Mr. Makryllos for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

47. Mr. Makryllos is (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

48. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, Mr. Makryllos, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Scott Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
8751 N. Himes Ave

Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email:
Service@MyInjury.com
Counsel for Plaintiff